# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00228-CV

### Austin Independent School District, Appellant

### v.

### H. C. Beck Partners, Ltd., Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GV-07-000452, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I would affirm the summary judgment on the basis that AISD waived subrogation rights under its contract with H. C. Beck, I respectfully dissent.

An insurer's right to subrogation derives from and is limited to the rights of the insured. *Trinity Universal Ins. Co. v. Bill Cox Constr., Inc.*, 75 S.W.3d 6, 8 (Tex. App.—San Antonio 2001, no pet.); *see also National Union Fire Ins. Co. v. John Zink Co.*, 972 S.W.2d 839, 844 (Tex. App.—Corpus Christi 1998, pet denied) ("The subrogees stand in the shoes of the one whose rights they claim, and the extent of the subrogees' remedy and the measure of their rights are controlled by those possessed by the subrogor."). A release between the insured and the offending party prior to the loss destroys the insurer's rights by way of subrogation. *Trinity Universal*, 75 S.W.3d at 10. Therefore, if AISD effectively waived subrogation rights in its contract with H. C. Beck, then Travelers, as subrogee, has no right of subrogation.[1]

---

[1] AISD acknowledges in its brief that an insured has the power to terminate the subrogation rights of its insurer, stating, "AISD does not disagree that subrogation rights may be waived or altered by contract and that such a waiver between the insured and the offending party prior to the loss generally destroys the insurance company's rights by way of subrogation."

I agree with the majority's holding that the contract between AISD and H. C. Beck unambiguously required AISD to purchase an insurance policy that waived subrogation rights against H. C. Beck for liability covered by the policy. The contract provision setting forth this requirement states, "During both phases of the Project, [AISD] shall purchase and maintain liability and property insurance, including waivers of subrogation." However, the majority holds that this requirement, by itself, is insufficient to waive AISD's subrogation rights. In light of the intent of the parties as expressed in the plain meaning of the agreement, I would hold that this language is sufficient to constitute a waiver of subrogation by AISD.

The purpose of a waiver-of-subrogation provision in a construction contract "is to eliminate the need for lawsuits by protecting all contracting parties from property loss under the owner's property insurance." *Walker Eng'g, Inc. v. Bracebridge Corp.*, 102 S.W.3d 837, 841 (Tex. App.—Dallas 2003, pet. denied). To further illustrate the purpose of a waiver-of-subrogation provision, the court in *Walker Engineering* quoted the following language:

> The only reasonably conceivable purpose of a construction contract provision placing an obligation on the owner to carry insurance is to benefit the contractor by providing him protection and exculpation from risk of liability for the insured loss . . . . The contract insurance provision is valuable to the contractor for the very purpose . . . [of] limiting the owner to insurance proceeds even though the loss was caused by the negligence of the contractor.

*Id*. at 841-42 (*quoting Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 105 (2d Cir. 1986)).

Similarly, the only reasonably conceivable purpose of the provision in the contract requiring AISD to obtain waivers of subrogation is to actually provide H. C. Beck with the benefit of a waiver of subrogation rights. In construing the contract between AISD and H. C. Beck, our

primary concern is to "ascertain the true intentions of the parties as expressed in the instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). "To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id*. The provision requiring AISD to obtain subrogation waivers from its insurers is either an agreement by AISD to waive subrogation rights or a meaningless contract provision. To avoid rendering this provision meaningless, we must interpret it as a waiver of subrogation rights. As the court observed in *Walker Engineering*, the "only reasonably conceivable purpose" of this contract provision is to protect H. C. Beck from the risk of liability from an insured loss. *See* 102 S.W.3d at 841.

Travelers, as subrogee standing in the shoes of its insured, cannot have a greater right of subrogation than AISD. *See TX. C.C., Inc. v. Wilson/Barnes Gen. Contractors, Inc.*, 233 S.W.3d 562, 571 (Tex. App.—Dallas 2007, pet. denied) (holding that insurer's subrogation claim is barred as matter of law where property owner waived subrogation "because [the insurer's] rights are limited to [the property owner's] rights"). AISD's waiver therefore effectively terminated the subrogation rights of Travelers, AISD's insurer.[2] Because I would affirm the summary judgment on that basis, I respectfully dissent.

---

[2] The question of whether AISD actually obtained a proper waiver of subrogation from its insurer has no effect on its contractual agreement with H. C. Beck to waive subrogation rights. *See TX. C.C., Inc. v. Wilson/Barnes Gen. Contractors, Inc.*, 233 S.W.3d 562, 574 (Tex. App.—Dallas 2007, pet. denied) (stating that while construction contract required property owner to provide waivers of subrogation in all separate insurance policies, whether property owner did so "might impact the insurer's obligation to the insured but does not impact the applicability of the waiver in a subrogation claim"); *see also Indiana Ins. Co. v. Erhlich*, 880 F. Supp. 513, 520 (W.D. Mich. 1994) (stating that even if property owner breached prime construction contract by failing to include waiver-of-subrogation provisions in agreements with subcontractors, insurer could not argue that waiver did not apply to subcontractors because insurer "as subrogee of [the property owner], is hardly in a position to complain" about property owner's breach of contract).

_____

Diane M. Henson, Justice

Before Justices Pemberton, Waldrop and Henson

Filed:   March 13, 2009